UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON D. WINDOM, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-769-JD-MGG |
| ANDREW LIAW, | |
| Defendant. | |

OPINION AND ORDER

Aaron D. Windom, a prisoner without a lawyer, filed an amended complaint alleging he was denied medical treatment at the Westville Correctional Facility. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Windom alleges the middle finger on his right hand was broken a few days before he was transferred to the Westville Correctional Facility on April 22, 2020. Once there, he was placed in quarantine because he tested positive for Covid-19. While in quarantine, his vital signs were checked several times a day. In addition to filling out several healthcare request forms, each time his vitals were checked, he asked

unidentified nurses for help with his broken finger. On April 24 and 25, he was given Tylenol. On May 6, 2020, he was taken for an x-ray. On May 8, 2020, he saw Dr. Ferlic by video chat. On June 8, 2020, he was taken for another x-ray. On June 12, 2020, he saw Dr. Ferlic by video again. On July 20, 2020, he was taken to a medical exam room and seen by an unidentified nurse who ordered another x-ray, but the x-ray was cancelled by some other unidentified person. Windom alleges he did not receive proper treatment for his broken finger and it is now "visibly deformed and misshapen. His middle finger is significantly shorter due to the non-action and inadequate medical care . . .." ECF 13 at 4.

Windom alleges Dr. Andrew Liaw received his healthcare request forms and knew he needed medical attention, but refused to see him knowing it would result in his finger healing improperly and being deformed. For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, the complaint states a claim against Dr. Liaw for a denial of medical treatment.

Windom also names five other defendants. He alleges John Galipeau was the Westville Correctional Facility Warden. He alleges Dorothy Livers was the Health Services Administrator at Westville. He alleges Michelle Rebac was the Director of Nursing at Westville. However, he does not say any of them were involved with his

medical care or even that they knew anything about his broken finger. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, the amended complaint does not state a claim against these three defendants and they will be dismissed

Windom names Nurse #1 as a defendant, but it is unclear which of the several nurses he saw he is trying to sue and so it is equally unclear why. What is clear is that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, Nurse #1 will be dismissed.

Windom also names Wexford of Indiana, LLC, as a defendant. He alleges Wexford has "a wide spread custom, practice, and policy of failing to train their employees to recognize, honor, and uphold the United States constitutional rights of inmates (including Windom) resulting in numerous prisoners (including Windom) to receive inadequate medical care and treatment." ECF 13 at 4. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

3

*Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Windom has not alleged facts showing more than that a single physician refused to treat him. Based on the allegations in the complaint, Windom has not shown he was injured by a Wexford policy, practice, or custom. Therefore, Wexford of Indiana, LLC, will be dismissed.

Finally, Windom seeks injunctive relief "to see an orthopedic specialist for a more in depth and proper medical determination" to obtain surgery for his deformed finger. While it is understandable why he would like his finger restored, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Windom does not provide facts showing he is not currently receiving constitutionally adequate medical treatment for his finger. He has not alleged facts from which it can be plausibly inferred that his desire for surgery is more than a disagreement with his current medical providers. *See Ciarpaglini v. Saini*,

4

352 F.3d 328, 331 (7th Cir. 2003) (explaining a mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation). Therefore, the complaint does not state a claim for injunctive relief.

For these reasons, the court:

(1) GRANTS Aaron D. Windom leave to proceed against Andrew Liaw in his individual capacity for compensatory and punitive damages for denying him medical treatment for the broken middle finger on his right hand from April 2020 through September 2020 knowing it would result in the finger healing improperly and being deformed in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden John Galipeau, Wexford of Indiana, LLC, Nurse #1, Dorothy Livers, and Michelle Rebac;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Andrew Liaw at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 13), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Andrew Liaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT